UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MARTINEZ, | CASE NO.   1:11-cv-01088-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| DR. L. A. DELIO, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendants. | |

## SCREENING ORDER

**I.   PROCEDURAL HISTORY**

On July 1, 2011, Plaintiff Bernard Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF COMPLAINT

The Complaint names the following Kern Valley State Prison (KVSP) officials as Defendants in this action: (1) Dr. L.A. Delio; (2) Dr. M. Spaeth; (3) Dr. Cherry Lopez, Health Care Manager (HCM) and Chief Medical Officer (CMO); (4) S. Zamora, HCM; (5) Martha, HCM; (6) Sonia, HCM; (7) T. Nguyen, Licensed Vocational Nurse (LVN); and (8) Anthoney Hedgpeth, Warden.

Plaintiff alleges the following[1]:

---

[1] The Complaint is not, but should be, a series of factual allegations in chronological order. Instead, Plaintiff provides an introduction with facts not present in the allegations and then skips backwards and forwards through the series of events comprising the alleged constitutional violations. The following summary is the Court's best effort at synthesizing Plaintiff's various allegations. Should Plaintiff choose to amend, the pleading must be made more clear and set forth a series of allegations in chronological order outlining what each Defendant did to violate Plaintiff's federal rights and when. It shall use dates, not "four months later" or "a couple days". An introduction is not necessary.

In June, 2007, a spider bit Plaintiff's rectum. The bite area swelled and discharged blood, puss, and feces. Plaintiff suffered severe pain exacerbated by movement. Plaintiff could not carry out any daily activities. He experienced cold sweats, fevers, weight loss, and an inability to keep food down. (Compl. at 4.)

On June 18, 2007, Plaintiff was seen by Defendant Delio. Plaintiff told Delio of the symptoms and attributed them to the spider bite. Delio concluded that Plaintiff was suffering from an internal hemorrhoid or abscess. Defendant Delio did not treat the infected area or address Plaintiff's pain; Plaintiff was dismissed without treatment. (Id. at 4, 5.) Plaintiff repeatedly filed medical care requests and eventually was seen by Defendant Spaeth on July 12, 2007. Defendant Spaeth examined Plaintiff and determined that the wound had become infected and warranted emergency surgery. Nevertheless, Defendant Spaeth provided no immediate treatment and sent Plaintiff back to his cell. (Id. at 5.) Neither Dr. Spaeth "nor anyone else bothered to treat [Plaintiff's] infected wound . . . ." (Id.) He returned to his living quarters and "continue[d] suffering needlessly." (Id.)

Plaintiff persisted in filing health care appeals. Defendant Delio responded to one such appeal on October 15, 2007, and coordinated with HCM Martha to try and schedule surgery as ordered by Spaeth. (Id.) Dr. Shuster performed surgery on November 8, 2007, at Corcoran State Hospital (Corcoran). (Id. at 6.) After surgery, Dr. Shuster ordered a pan to use to rinse the wound after bowel movements, antibiotic cream, and fresh bandages, all to stave off infection. None were provided and Plaintiff suffered "unexplainable pain" as a result. (Id.)

On November 10, 2007, Plaintiff told LVN Nguyen that he had been bleeding excessively since the surgery. Defendant Nguyen responded by stating that "I can[']t help

3

you because it's the weekend and no doctors are on ground until Monday." (Id. at 5.) The following day Plaintiff was transported to the emergency room. (Id.) Dr. Schaeffer examined Plaintiff at the emergency room on November 11, 2007, but provided no medical care. (Id. at 5, 6.) Schaeffer determined that Plaintiff needed to be seen by Dr. Shuster. Plaintiff saw Dr. Shuster on November 26, 2007. (Id. at 6.)

A second surgery, to remove sutures, was scheduled in January, 2008, but delayed until July 10, 2008. After the sutures were removed, the deficient post-surgical care continued. Dr. Shuster prescribed Plaintiff medication and a rinse pan; the medical staff provided neither. (Id.)

The Complaint asserts that the Defendants violated Plaintiff's Eighth Amendment right to adequate medical care. Plaintiff asserts that Dr. Delio misdiagnosed the spider bite, Dr. Spaeth ordered surgery but provided no immediate treatment, Plaintiff's surgeries were delayed, and LVN Nguyen ignored Plaintiff's complaints after the first operation. The aforementioned caused Plaintiff to needlessly suffer the partial removal of his lower bowel and permanent discomfort.

Attached[2] to the Complaint are one hundred twenty-seven pages of prison appeal and medical records. These documents show:

On June 18, 2007, an attending physician did diagnose Plaintiff's affliction as a hemorrhoid and prescribed medication including Tylenol and Benadryl; little else is legible on that report. (Id. at 67.) Plaintiff was examined again on or about June 26, 2007, and

---

[2] "[A] 'court may consider material that the plaintiff properly submitted as part of the complaint . . . .'" Davis v. Calvin, 2008 WL 5869849, *2 (E.D. Cal. Oct. 1, 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

4

an ointment and Motrin were prescribed. (Id. at 68.) After a July 2, 2007, re-exam, the medical practitioner noted that Plaintiff was at risk for infection, that an appointment with Dr. Spaeth was upcoming, and that medication had been prescribed. (Id. at 69.) On July 12, 2007, Dr. Spaeth altered Plaintiff's medication, prescribed "4x4 pads," and ordered surgery. (Id. at 71.) There was regular progress in Plaintiff's care, including numerous appointments in 2007, and medical personnel steadily worked towards resolving Plaintiff's condition. (Id. at 67-89.) Treatment was delayed at least once because Plaintiff had refused to cooperate. (Id. at 78.)

**IV.   ANALYSIS**

    **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.     Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Aside from naming them as Defendants, the Complaint makes no mention of Dr. Lopez, HCM Zamora, HCM Sonia, and Warden Hedgpeth. Plaintiff alleges no facts to suggest these Defendants are connected to any alleged violations. HCM Martha is named once in the allegations; she allegedly was contacted by Defendant Delio about scheduling

Plaintiff's surgery. (Compl. at 5.) Plaintiff attributes no constitutional violation to her conduct. A defendant in a § 1983 action must be linked to the alleged violation with some affirmative act or omission. Plaintiff has failed to link these Defendants to any alleged violation.

The Court will grant Plaintiff leave to amend his complaint in this regard. In order to state a claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights. The mere fact that they may have supervised the individuals responsible for a violation is not enough. The Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### C. Inadequate Medical Care

#### 1. General Pleading Requirements

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a

7

prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment

does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

### 2. Serious Medical Need

Plaintiff alleges a spider bit his rectum. The bite area became swollen, discharged fluid, and was extremely painful. Physicians found Plaintiff's condition worthy of treatment; two surgeries were conducted. This adequately alleges a serious medical need and thus satisfies the first element of Plaintiff's Eighth Amendment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

### 3. Deliberate Indifference

#### a. Drs. Delio and Spaeth

Plaintiff states that Defendants Delio and Spaeth examined Plaintiff, but provided no immediate treatment. The records attached to the Complaint clearly contradict the allegation that Defendants Delio and Spaeth turned Plaintiff away untreated.[3] Delio prescribed Tylenol and Benadryl. (Compl. at 67.) Dr. Spaeth changed Plaintiff's medication and ordered "4x4 pads," presumably to mitigate Plaintiff's discomfort. (Id. at 71.) Plaintiff also alleges that Delio misdiagnosed a spider bite as a hemorrhoid. Assuming that the source of Plaintiff's affliction was in fact a spider bite, Dr. Delio's error

---

[3] See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims."); see also Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

9

constitutes negligence at most, and, as discussed above, "[a] showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). Plaintiff's disagreement with Delio's diagnosis does not support a claim of deliberate indifference. Sanchez, 891 F.2d at 242.

The Complaint has failed to establish that either Defendant Delio or Spaeth exhibited deliberate indifference. Plaintiff will be given leave to amend. In order to state a cognizable claim, Plaintiff must adequately allege true facts showing that a specified Defendant knew of and disregarded Plaintiff's serious medical need. Claims amounting to negligence or a disagreement with the course of treatment are not sufficient. Claims which are false will subject Plaintiff to sanctions.

          b.    LVN Nguyen

Plaintiff states that he began bleeding excessively after the November 8, 2007, surgery and so informed Defendant Nguyen of the problem. Nguyen allegedly responded by stating that "I can[']t help you because it's the weekend and no doctors are on ground until Monday." (Id. at 5.)

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

It is not clear from the allegations whether Defendant Nguyen could or should have know that a substantial risk of serious harm existed.  Plaintiff had undergone surgery just days before. A discharge of blood from a surgical wound does not in and of itself suggest an emergency. Nguyen's response suggests he interpreted Plaintiff's complaints as a natural by-product of surgery and not any emergency.  Plaintiff does not allege that he informed Defendant Nguyen that his condition was an emergency or described it in such a way as to suggest an emergency.   Plaintiff has failed to allege deliberate indifference on the part of Defendant Nguyen.  The Court will grant leave to amend.  In order to state a cognizable claim, Plaintiff must allege **truthful** facts demonstrating that Nguyen knowingly disregarded a serious medical need.

          c.        Unattributed Conduct

Plaintiff alleges that he was denied prescribed accommodations after each surgery. Dr. Shuster allegedly ordered that Plaintiff receive medication, fresh bandages, and a bed pan for rinsing the wound.  These items were denied after each surgery and Plaintiff maintains that he suffered as a result.  However, Plaintiff does not attribute these actions to any individual.  Plaintiff must link the deprivations alleged in each claim to a named Defendant before the Court can determine whether the claim is cognizable.  See Monell, 436 U.S. at 658.  He must include dates so that the claims can be compared to the evidence in the medical records he has provided.

## V.    **CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed July 1, 2011;

       2.       Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

       3.       Plaintiff shall file an amended complaint within thirty (30) days; and

       4.       If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   April 27, 2012                     /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE