# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MARTINEZ, | CASE NO.    1:11-cv-01088-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FINDING THAT PLAINTIFF STATES COGNIZABLE CLAIMS AND RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| DR. L. A. DELIO, et al., | |
| Defendants. | (ECF No. 15) |
| / | OBJECTIONS DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On July 1, 2011, Plaintiff Bernard Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) On April 30, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 12.)  Plaintiff's First Amended Complaint (ECF No. 15) is now before the Court for screening.

///

1

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint names the following Kern Valley State Prison (KVSP) officials as Defendants in this action: (1) Dr. L.A. Delio; (2) Dr. M. Spaeth; (3) Dr. Cherry Lopez, Health Care Manager (HCM) and Chief Medical Officer (CMO); (4) S. Zamora; (5) Martha, HCM; (6) Sonia, HCM; (7) T. Nguyen, Licensed Vocational Nurse (LVN); and (8) Anthoney Hedgpeth, Warden.

Plaintiff alleges the following:

2

1
2
3
4
5
6
7
8

In June, 2007, a spider bit Plaintiff's rectum.  Plaintiff submitted a medical request and was seen by Dr. Delio on June 18, 2007.  Plaintiff told Delio that a spider bite was causing swelling and severe pain.  "Delio disregarded what Plaintiff told him, and without examining the spider bite Defendant Delio told Plaintiff it was just an internal hemorrhoid [sic]."  (Compl. at 4.)  Plaintiff was dismissed by Delio without treatment.  "Defendant Delio[']s failure to provide Plaintiff with medical treatment, resulted in a spider bite becoming infected, and Plaintiff needing surgery."  (Id.)

9
10
11
12
13
14
15

Plaintiff continuously complained to prison officials that his symptoms were worsening as the bite area began discharging blood and pus.  On July 12, 2007, Plaintiff was seen by Dr. Spaeth, who examined the wound and determined that it was infected and required urgent surgery.  (Id.)  "Plaintiff told Defendant Spaeth that he was in serious pain and requested medical treatment.  Defendant Spaeth acknowledged that Plaintiff needed urgent medical treatment, but still did not provide Plaintiff with any treatment."  (Id. at 5.)

16
17
18
19
20
21
22
23
24
25
26

On July 12, 2007, Dr. Delio contacted Defendant Martha to schedule corrective surgery.  Delio contacted Defendant Martha three more times, on August 10, 2007, September 24, 2007, and October 15, 2007, attempting to expedite the scheduling of Plaintiff's surgery.  Spaeth also contacted Martha repeatedly for the same purpose.  (Id. at 5, 6.)  Martha was "continuously notified" by both doctors beginning July 12, 2007 through October 15, 2007.  (Id.)  On October 15, 2007, Martha stated that she would contact fellow HCM Sonia, who was supposed to schedule Plaintiff's corrective surgery.  (Id. at 6.)  Martha did contact Sonia, who failed to immediately schedule the necessary appointments.  (Id.)

27

Defendant Lopez supervised Defendants Martha and Sonia and was ultimately

3

responsible for securing Plaintiff appointments.  Lopez knew Plaintiff's surgery was delayed in spite of serious medical need, yet failed to ensure that Plaintiff was scheduled for surgery in a timely manner.  Plaintiff suffered severe pain during the delay.  (Id. at 6, 7.)

Plaintiff underwent surgery on November 8, 2007.  Sometime during the weekend following his surgery Plaintiff complained to "Defendant T. Nguyen that he was in serious pain and was bleeding real bad for two (2) days." (Id. at 5.)  Nguyen told Plaintiff, "'I can[']t help you because it's the weekend and no doctors are on grounds untill [sic] Monday.'" (Id.)  Plaintiff was sent back to his cell without treatment.

Defendant Hedgpeth was the Warden at KVSP during the events described above.  He was responsible for supervising the Defendants and ensuring their compliance with KVSP policies and procedures.  (Id. at 7.)

IV.   **ANALYSIS**

A.   **Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

4

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

### B.    Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint fails to link Defendants Zamora and Hedgpeth to the violation of

Plaintiff's rights.  S. Zamora is identified as a Defendant but never mentioned in the factual

allegations.  Without specific facts linking an act or omission made by Zamora, Plaintiff can

not demonstrate the Defendant participated in the deprivation of his rights.  See Leer v.

Murphy, 844 F.2d 628, 634 (9th Cir.1988).

   Plaintiff alleges that Defendant Hedgpeth was the Warden at KVSP and thus

responsible for supervising and monitoring the facility.  The mere fact that Hedgpeth may

have supervised the individuals responsible for a violation is not enough.  Defendants may

only be held liable in a supervisory capacity if they "participated in or directed the violations,

or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040,

1045 (9th Cir. 1989).

The Court's previous screening order instructed Plaintiff on the applicable law and

gave him an opportunity to amend. Plaintiff has again failed to allege facts connecting

Defendants Zamora and Hedgpeth to the violations alleged.  No useful purpose would be

served by granting additional leave to amend.  The Court recommends Plaintiff's claims

against Defendants Zamora and Hedgpeth be dismissed with prejudice.

### C.   **Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439

F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The

two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

need' by demonstrating that 'failure to treat a prisoner's condition could result in further

significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for a violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under

7

the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

### 1.   Serious Medical Need

Plaintiff alleges that a spider bit his rectum.  The bite area eventually became swollen, discharged fluid, became infected, and caused Plaintiff severe pain.  More than one surgery was conducted to treat the bite.  This adequately alleges a serious medical need and thus satisfies the first element of Plaintiff's Eighth Amendment claim.  See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

### 2.   Deliberate Indifference

#### a.   Drs. Delio and Spaeth

Plaintiff admits that Defendants Delio and Spaeth repeatedly attempted to schedule his surgery. His Eighth Amendment claim against these doctors rests on the allegation that they knowingly denied Plaintiff medical care while Plaintiff waited for surgery.

Plaintiff alleges that he was seen by Dr. Delio on June 18, 2007.  At that appointment Plaintiff told Delio that he was suffering severe pain from a spider bite that was swollen.  Delio diagnosed the affliction as an internal hemorrhoid without examination and allegedly dismissed Plaintiff without treatment.  (Compl. at 4.)  On July 12, 2007,

Plaintiff was examined by Dr. Spaeth, who allegedly acknowledged that Plaintiff required urgent surgery, but denied Plaintiff immediate medical assistance.  (Id. at 5.)

The Court observed in its previous screening order that medical records attached to the original complaint contradicted the allegation that Delio and Spaeth provided no treatment.  Plaintiff has reattached those records to the instant complaint. They confirm that these physicians did treat Plaintiff.

According to Plaintiff's medical records, Delio prescribed several medications on June 18, 2007, including topical creams, Benadryl, and Tylenol.  (Id. at 35.)  Delio noted that Plaintiff was in pain and unable to sit.  Delio recorded his diagnosis as "hemorrhoids anal fissure."  (Id. at 68.)  Additional medication was prescribed by Delio on June 26, 2007. (Id. at 36.)  Spaeth prescribed medication on July 12, 2007, and gave Plaintiff ten "4x4 pads for use on fistula."  (Id. at 40.)  Delio wrote more prescriptions in August 2007 and authored various prescriptions for Plaintiff through November 9, 2007, the day after surgery.  (Id. at 43-62.)

Plaintiff has given no indication that the Court has misinterpreted the attached records.  He has made no effort to explain the apparent contradiction.  The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998).

Plaintiff has again failed to allege that Defendants Delio and Spaeth exhibited deliberate indifference to his serious medical needs.  His disagreement with their diagnoses and course of treatment does not support a deliberate indifference claim even if their choices were not the best medically.  The Court previously notified Plaintiff of the

9

applicable legal standard and provided an opportunity to amend.  No useful purpose would be served by granting additional leave to amend.  The Court recommends Plaintiff's claims against Defendants Delio and Spaeth be dismissed with prejudice.

b.   HCMs Martha, Sonia, and Lopez

The amended complaint alleges that Defendants Martha, Sonia, and Lopez were responsible for scheduling surgeries at KVSP and knowingly failed to schedule Plaintiff's surgery with deliberate indifference to Plaintiff's serious medical needs.  Spaeth ordered the surgery on July 12, 2007.  Martha was responsible for scheduling the procedure and failed to do so.  Martha was reminded of Plaintiff's condition and need for surgery on July 12, 2007; August 10, 2007; September 24, 2007; and October 15, 2007.  Delio and Spaeth "continuously notified" Martha of Plaintiff's condition and need for surgery during this period.  On October 15, 2007, Martha asked Defendant Sonia to schedule Plaintiff's surgery.  Sonia failed to do so immediately.  Plaintiff's surgery was conducted on November 8, 2007.  Plaintiff suffered pain during the delay.

Defendant Lopez was the Health Care Manager Supervisor.  She had the authority to schedule Plaintiff's surgery and was actually aware of his serious medical need.  Nevertheless, Lopez failed to schedule the requested surgery.

Plaintiff has sufficiently alleged that Defendants Martha and Sonia "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety . . . ."  Farmer, 511 U.S. at 837.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1060; Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th

Cir. 1985).  The needless suffering of pain may be sufficient to demonstrate further harm.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

The First Amended Complaint states cognizable Eighth Amendment claims against Defendant Martha and Sonia.  Shapely, 766 F.2d at 408 (delay providing surgery in which the delay proved harmful would state a claim).

Plaintiff fails to state a cognizable claim against Defendant Lopez because his allegations regarding her knowledge of the serious medical need are conclusory.  Iqbal, 129 S.Ct. at 1949.  There are no facts describing  how Lopez became aware of Plaintiff's need for surgery.  As discussed above, the mere fact that a defendant may have supervised the individuals responsible for a violation is not enough.  Lopez may only be held liable in a supervisory capacity if she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  The Court previously notified Plaintiff of the legal elements necessary to state a claim against Defendant Lopez.  No useful purpose would be served by granting additional leave to amend.  The Court recommends Plaintiff's claim against Defendant Lopez be dismissed with prejudice.

c.    LVN Nguyen

Shortly after the surgery Plaintiff told Defendant Nguyen that he was experiencing serious pain and excessive bleeding.  Nguyen responded "'I can[']t help you because it's the weekend and no doctors are on ground untill [sic] Monday.'" (Compl. at 5.)  Plaintiff was dismissed without medical care.

"The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care."  Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982),

11

abrogated in part on other grounds by <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). "[M]edical staff must be competent to examine prisoners and diagnose illnesses," and must either "be able to treat medical problems or to refer prisoners to others who can." <u>Hoptowit</u>, 682 F.2d at 1253.  Based on the factual allegations, taken as true at this stage of the proceeding, Defendant Nguyen "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837.  Nguyen did not dispute that Plaintiff had a serious medical need, he stated that capable personnel were unavailable.

Defendant Nguyen was obligated to send Plaintiff to staff members capable of providing treatment. <u>Hoptowit</u>, 682 F.2d at 1253.  The fact that Plaintiff's serious medical need manifested on a weekend does not absolve Nguyen of his responsibility.  Plaintiff's allegations support his conclusion that Defendant Nguyen exhibited deliberate indifference.  Thus, the First Amended Complaint states a cognizable Eighth Amendment claim against Defendant Nguyen.

## V.   CONCLUSION AND ORDER

The First Amended Complaint states cognizable claims against Defendants Martha, Sonia, and Nguyen for the violation of Plaintiff's rights under the Eighth Amendment.  Plaintiff has failed to state a claim against Defendants Delio, Spaeth, Lopez, Zamora, and Hedgpeth.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Plaintiff be allowed to proceed on his Eighth Amendment claims against Defendants Martha, Sonia, and Nguyen;

2.    Plaintiff's claims against Defendants Delio, Spaeth, Lopez, Zamora, and Hedgpeth be dismissed with prejudice; and

12

1

2

3.     Defendants Delio, Spaeth, Lopez, Zamora, and Hedgpeth be dismissed from this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.


Dated:   August 30, 2012        /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE