UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MARTINEZ, | CASE No. 1:11-cv-01088-LJO-MJS (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST FOR STATUS |
| v. | (ECF No. 21) |
| DR. L. A. DELIO, et al., | |
| Defendants. | |

## I. PROCEDURAL HISTORY

On July 1, 2011, Plaintiff Bernard Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

This matter proceeds on Plaintiff's First Amended Complaint (First Am. Compl., ECF No. 15), against Defendants Martha, Sonia, and Nguyen on Eighth Amendment claims. (Order Finding Cognizable Claim, ECF No. 17.)

On December 6, 2012, the Court issued its order directing service upon Defendants Martha, Sonia, and Nguyen by the U.S. Marshals Service, with a service deadline of April 8, 2013. (Order Directing Service, ECF No. 20.)

Pending before the Court is Plaintiff's status request filed January 14, 2013, seeking direction regarding entry of default. (Req. Entry Default, ECF No. 21.)

1

## II. **LEGAL STANDARD**

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

## III. **ANALYSIS**

The Court Clerk has forwarded Plaintiff's service documents to the U.S. Marshal for service upon Defendants Martha, Sonia and Nguyen by April 8, 2013.

Plaintiff is not entitled to entry of default because he has not demonstrated that these Defendants have been served with process. Absent service, the Court has no jurisdiction over a defendant. Action Embroidery Corp. v. Atlantic Embroidery, Inc., 368 F.3d 1174, 1177 (9th Cir. 2004); see also Harry and David v. J & P Acquisition, Inc., 865 F.Supp.2d 494, 500 (D. Del. 2011) (absent proper service a defendant is not legally called to answer and entry of default is void).

There is no evidence that the U.S. Marshall has yet effected service of process upon any Defendant and thereby triggered Defendant's legal obligation to respond to Plaintiff's First Amended Complaint. Fed. R. Civ. P. 4(d), (e); Fed. R. Civ. P. 55(a). The Court's December 6, 2012 order for Marshall's service does not constitute service of process, but rather directs the U.S. Marshall to effectuate service prior to the applicable service deadline of April 8, 2013.[1]

Plaintiff's request for default is premature. Until and unless Defendant is in default, Plaintiff may not seek entry of default or judgment thereon.

No action by Plaintiff is required at this time.

/////

---

[1] The Court takes judicial notice of its own records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

**IV.     ORDER**

Plaintiff's motion for status (ECF No. 21) is GRANTED, and the foregoing constitutes a report of that status.

IT IS SO ORDERED.

Dated:   January 19, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE