IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MARTINEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>DR. L. A. DELIO, et al.,<br><br>        Defendants. | CASE No. 1:11-cv-01088-LJO-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 23) |

On July 1, 2011, Plaintiff Bernard Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on Plaintiff's First Amended Complaint (First Am. Compl., ECF No. 15), against Defendants Martha, Sonia, and Nguyen on Eighth Amendment claims. (Order Finding Cognizable Claim, ECF No. 17.) On December 6, 2012, the Court issued its order directing service upon Defendants Martha, Sonia, and Nguyen by the U.S. Marshal, with a service deadline of April 8, 2013. (Order Directing Service, ECF No. 20.)

Pending before the Court is Plaintiff's Motion for Appointment of Counsel filed January 22, 2013. (Mot. Appt. Counsel, ECF No. 22.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other

1  grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an
2  attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United
3  States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
4  However, in certain exceptional circumstances the Court may request the voluntary
5  assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

6       Without a reasonable method of securing and compensating counsel, the Court
7  will seek volunteer counsel only in the most serious and exceptional cases. In
8  determining whether "exceptional circumstances exist, the district court must evaluate
9  both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate
10 his or her claims pro se in light of the complexity of the legal issues involved." Id.
11 Neither of these factors is dispositive and both must be viewed together before
12 reaching a decision on request of counsel under section 1915(d)." Wilborn v.
13 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970
14 (9th Cir. 2009).

15      The burden of demonstrating exceptional circumstances is on the Plaintiff. See
16 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
17 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F.
18 App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");
19 Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough,
20 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional
21 circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).")

22      In the present case, the Court does not find the required exceptional
23 circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that
24 he has made serious allegations which, if proved, would entitle him to relief, his case is
25 not exceptional. This Court is faced with similar cases almost daily. Further, Plaintiff's
26 claim remains in dispute and the Court can not make a determination at this stage of
27 the litigation that Plaintiff is likely to succeed on the merits. The Eighth Amendment
28 claims in issue do not appear to be novel or unduly complex. The facts alleged to date

1 appear straightforward and unlikely to involve any extensive further investigation and
2 discovery.
3     The papers filed by Plaintiff in this case reflect an appreciation of the legal issues
4 and standards and an ability to express same adequately in writing. At present, the
5 Court is unable to find that, even considering Plaintiff's limited education, limited access
6 to the law library, and reliance upon fellow inmates for assistance, he is unable
7 adequately to articulate his claims.
8     Finally, nothing suggests that Plaintiff has made diligent effort to secure
9 counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure
10 counsel would be futile.
11     For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No.
12 23) is HEREBY DENIED, without prejudice.

19 IT IS SO ORDERED.
20 Dated:    January 24, 2013            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).