IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>DR. L. A. DELIO, et al.,<br><br>    Defendants. | CASE No. 1:11-cv-01088-LJO-MJS (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS MARTHA AND SONIA SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE OF PROCESS<br><br>(ECF No. 27)<br><br>FOURTEEN (14) DAY DEADLINE |

    Plaintiff Bernard Martinez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed July 1, 2012 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on Plaintiff's First Amended Complaint (ECF No. 15), against Defendants Martha, Sonia, and T. Nguyen on Eighth Amendment claims. (ECF No. 17.)

    On December 6, 2012, the Court issued its Order directing service upon Defendants Martha, Sonia, and Nguyen by the U.S. Marshal, and imposed a service deadline of April 8, 2013. (ECF No. 20.) The Marshal advises efforts to serve Defendant Nguyen are ongoing. However, Defendant Martha, Health Care Manager at Kern Valley State Prison, and Defendant Sonia, Health Care Manager at Kern Valley State Prison, have not been located for service despite numerous attempts by the Marshal.

Rule 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the U.S. Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the [M]arshal's failure to effect service is 'automatically good cause [to extend the service deadline].' " Walker, 14 F.3d at 1422, quoting Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

After waivers of service for Defendants Martha and Sonia were returned unexecuted (ECF No. 27), the Marshal contacted the California Department of Corrections and Rehabilitation ("CDCR") and was informed that the "litigation coordinator and special investigator with CDCR [were] unable to locate [Defendants Martha and Sonia]." (Id.) The Marshal thereupon certified inability to locate these Defendants and returned process unexecuted. (Id.)

Based on this information, the Court finds that the avenues available to locate

and serve Defendants Martha and Sonia have been exhausted. <u>Walker</u>, 14 F.3d at 1421-22. It appears that dismissal of Defendants Martha and Sonia from this action is appropriate at this time based on Plaintiff's failure to provide the Marshal with information sufficient to effect timely service of the summons and complaint upon them. However, the Court will provide Plaintiff with an opportunity to show cause why these Defendants should not be dismissed. Fed. R. Civ. P. 4(m).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within fourteen (14) days from the date of service of this Order, Plaintiff shall show cause why Defendants Martha and Sonia should not be dismissed from this action due to Plaintiff's failure to provide the U.S. Marshal with information sufficient to effect timely service of the summons and complaint; and

2. The failure to respond to this Order or the failure to show cause will result in a recommendation that Defendants Martha and Sonia be dismissed from this action.

IT IS SO ORDERED.

Dated:   May 8, 2013            /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE