UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MARTINEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. L. A. DELIO, et al.,<br><br>            Defendants. | CASE NO. 1:11-cv-01088-LJO-MJS (PC)<br><br>ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUT-OFF DATE AND MOTION CLARIFYING DUE DILIGENCE<br><br>(ECF Nos. 73 & 75) |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendants Martha Ruiz, Sonia Martinez, and T. Nguyen on an Eighth Amendment medical indifference claim.[1]

Before the Court is Plaintiff's motion for enlargement of the discovery order. (ECF No. 73.) Defendants oppose the motion. (ECF No. 74.) Plaintiff filed a motion clarifying

---

[1] Defendant Nguyen has not yet been served.

his due diligence in opposition to Defendants' opposition. (ECF No. 75.) The Court will construe Plaintiff's opposition motion as a reply. The matter is deemed submitted. Local Rule 230(*l*).

## II.     MOTION TO EXTEND DISCOVERY CUT-OFF DATE

The Court set May 4, 2015 as the discovery deadline in this case. (ECF No. 54.) Plaintiff seeks an extension of 150 days to conduct discovery.

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* The Court has wide discretion to extend time, *Jenkins v. Commonwealth Land Title Ins. Co.,* 95 F.3d 791, 795 (9th Cir. 1996), provided a party demonstrates some justification for the issuance of the enlargement order. Fed. R. Civ. P. 6(b)(1); *Ginett v. Fed. Express Corp.,* 166 F.3d 1213 at 5* (6th Cir. 1998).

Plaintiff argues that he needs the additional time because he is a lay person, has a low educational level, and despite seeking assistance of jailhouse lawyers, he was not able to gain assistance until April 2015. Defendants argue that Plaintiff has not served any discovery in the approximately eight months discovery has been open, and it appears that Plaintiff failed to seek assistance from the law clerk inmate for over five of those months. Plaintiff replies that he began seeking assistance after the Court entered its discovery and scheduling order in September 2014, that from November 2014 to January 2015 he was in administrative segregation and unable to seek assistance, and that he renewed his efforts once released from segregation.

Parties representing themselves "must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court and may not delegate that duty to any other individual, including husband or wife, or any other party on the same side appearing without an attorney." Local Rule 183(a). Mr. Stone, Plaintiff's "jailhouse lawyer" or "prison paralegal," is not an attorney and he is precluded from filing or litigating cases on the behalf of anyone but himself. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Put simply, although he may be assisting Plaintiff in this case, Mr. Stone's unavailability or the general unavailability of other jailhouse lawyers does not provide good cause for extending the time for Plaintiff to conduct discovery.

However, since the discovery deadline has now passed and the Court has given Plaintiff an extension until May 16, 2015 to amend his pleadings and there is still one Defendant in this case who has yet to be served, Plaintiff will be granted **a final and limited extension of time of sixty (60) days** from the date of service of this order to conduct discovery on his own behalf.

### III. ORDER

Accordingly, it is HEREBY ORDERED that:

Plaintiff's motion to extend the discovery cut-off date for 150 days (ECF No. 73.) and motion clarifying due diligence (ECF No. 75.) is GRANTED, in part, and DENIED, in part. Plaintiff's motion clarifying due diligence is construed as a reply to his motion to extend the discovery cut-off date. Plaintiff is GRANTED **a final imited extension of time of sixty (60) days** from the date of service of this order to conduct discovery.

IT IS SO ORDERED.

Dated:   May 15, 2015                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE