UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>DR. L. A. DELIO, et al.,<br><br>            Defendants. | CASE NO. 1: 11-cv-01088-LJO-MJS (PC)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 77) |

I.      **PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (ECF Nos. 1 & 4.)

This matter proceeds on Plaintiff's First Amended Complaint.  (ECF No. 15.)  The Court screened Plaintiff's First Amended Complaint and found that it stated a cognizable Eighth Amendment claim for medical indifference against Defendants Martha Ruiz, Sonia Martinez, and T. Nguyen.  (ECF No. 16.)  The Court recommended that the non-cognizable claims against Defendants Delio, Spaeth, Lopez, Zamora, and Hedgpeth be dismissed with prejudice, and, on October 18, 2012, the District Court adopted those

1
2     findings and recommendations and dismissed Defendants Delio, Spaeth, Lopez,

3     Zamora, and Hedgpeth. (ECF Nos. 16 & 17.)

4           On May 22, 2015, Plaintiff lodged a proposed Second Amended Complaint.  (ECF

5     No. 77.)  Defendants have not filed a response to Plaintiff's proposed amendments.  The

6     matter is deemed submitted pursuant to Local Rule 230(*l*).

7     **II.     MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

8           **A.     Legal Standard**

9           The decision to grant or deny leave to amend pleadings is within the trial court's

10    discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).   A party

11    seeking leave to amend must demonstrate that amendment is proper under Federal

12    Rule of Civil Procedure 15.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-

13    08 (9th Cir. 1992). Under Rule 15(a)(2), the Court should freely give leave to amend a

14    pleading "when justice so requires."  The Court should apply this policy "with extreme

15    liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)

16    (*quoting Morongo Band of Mission Indians v. Rose*, 893 F. 2d 1074, 1079 (9th Cir.

17    1990)).   "If the underlying facts or circumstances relied upon by a [party] may be a

18    proper subject of relief, he ought to be afforded an opportunity to test his claim on the

19    merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

20          However, a district court may deny leave to amend "where there is 'any *apparent

21    or declared* reason' for doing so, including undue delay, undue prejudice to the opposing

22    party or futility of the amendment."  *Lockman Found. v. Evangelical Alliance Mission*, 930

23    F.2d 764, 772 (9th Cir. 1991) (*quoting Foman*, 371 U.S. at 182).  These factors are not

24    to be given equal weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052

25    (9th Cir. 2003).  Prejudice to the opposing party must be given the greatest weight.  *Id.*

26    "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there

27    exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.*

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### B.      Plaintiff's Proposed Second Amended Complaint

Plaintiff's proposed Second Amended Complaint contains essentially the same allegations as the operative complaint but adds additional factual allegations pertaining to a second surgery.  Plaintiff names Health Care Managers Sonia Martinez and Martha L. Ruiz and LVN Nguyen as Defendants.

Plaintiff's allegations may be summarized essentially as follows.

In June 2007, a spider bit Plaintiff's rectum.  On June 18, 2007, Plaintiff was seen by Dr. Delio.  Plaintiff told Dr. Delio that a spider bite was causing him swelling and severe pain.  "Delio disregarded what Plaintiff told him, and without examing [sic] the spider bite Delio told Plaintiff it was just an internal hemorhoid [sic]."  (SAC at 4.)  Dr. Delio failed to treat Plaintiff's condition, resulting in the area becoming infected and Plaintiff needing surgery.

Plaintiff complained on numerous occasions to prison officials and medical staff that his symptoms were worsening.

On July 12, 2007, Plaintiff was seen by Dr. Spaeth, who examined the wound and determined that it was infected and required urgent surgery.  The spider bite had become a "perianal fistula."  (SAC at 5.)  Dr. Spaeth contacted Defendant Ruiz to schedule corrective surgery.  Dr. Delio contacted Defendant Ruiz three more times, on August 16, 2007, September 24, 2007, and October 17, 2007, attempting to expedite the scheduling of Plaintiff's surgery to no avail.

On August 22, 2007, August 24, 2007, October 17, 2007, and October 22, 2007, Defendant Martinez was notified by Dr. Delio and Defendant Ruiz of Plaintiff's need for urgent surgery.

Defendants Martinez and Ruiz knew that Plaintiff's condition required urgent surgery and that he was in substantial pain, yet they failed to promptly schedule it in disregard for Plaintiff's health and safety.  Plaintiff did not have surgery until November 8, 2007.  During this delay, Plaintiff's condition worsened.

1
2
3
4

Shortly after Plaintiff's surgery he informed Defendant Nguyen that he was in serious pain and bleeding.  Defendant Nguyen failed to treat Plaintiff, telling him "'I can't help you because it's the weekend and no doctors are on ground until Monday.'"  (SAC at 8.)

5
6

On November 11, 2007, Plaintiff was taken to Delano Regional Medical Center due to complications from the surgery.

7
8
9
10

Plaintiff was supposed to have a second surgery three to twelve weeks after his first surgery.  However, Defendants Martinez and Ruiz failed to promptly schedule the surgery resulting in a delay of seven months.  Plaintiff's condition worsened and it took him several months after the second surgery to heal.

11
12
13
14

Plaintiff sues Defendants in their individual and official capacities and seeks declaratory relief, damages, and costs for Defendants' violation of his Eighth Amendment rights.

## III.   ANALYSIS

15
16
17
18

As set forth below, Plaintiff is granted leave to amend to add the additional medical indifference claim against Defendants Martinez and Ruiz for failure to schedule his second surgery in a timely manner.  Plaintiff's official capacity claims and request for declaratory relief are dismissed with prejudice.

19

### A.   Official Capacity

20
21
22
23
24
25

Plaintiff sues Defendants in their individual and official capacities.  Plaintiff may not bring suit for monetary damages against Defendants in their official capacities.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  Plaintiff's official capacity claims are dismissed without leave to amend.

26
27
28

### B.     Medical Indifference

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  *Id.*; *See also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference.  *Id.*  "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  *Id.* (brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate indifference claim for § 1983 purposes.  *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a

prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

The Court previously determined that Plaintiff stated a medical indifference claim against Defendants Martinez and Ruiz for the delay in scheduling his first, November 8, 2007, surgery that occurred and against Defendant Nguyen for failing to send Plaintiff to medical staff for treatment. (ECF Nos. 16 & 17.) The factual allegations regarding these claims are essentially the same in Plaintiff's proposed Second Amended Complaint, and therefore the Court need not reiterate its findings on these claims.

Plaintiff alleges that Defendants Martinez and Ruiz were also deliberately indifferent to his medical needs by failing to promptly schedule him for a second surgery. As a result of this second delay, Plaintiff suffered additional trauma to the surgical area and it took him longer to heal and function normally again. As with the first alleged delay, Plaintiff has stated a medical indifference claim against Defendants Martinez and Ruiz for their failure to schedule his second surgery in a timely manner. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (delay in providing surgery in which the delay proved harmful would state a claim). Defendants have not filed a response objecting to Plaintiff's proposed amendment, and there does not appear to be any undue prejudice in adding this claim. Accordingly, Plaintiff will be granted leave to amend to add this new claim.

## C.    Declaratory Relief

In addition to damages, Plaintiff seeks declaratory relief. Plaintiff's claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims. *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

## V.      CONCLUSION AND ORDER

For the reasons stated, it is HEREBY ORDERED that:

Plaintiff is GRANTED leave to file the Second Amended Complaint (ECF No. 77). Plaintiff has stated an additional medical indifference claim against Defendants Martinez and Ruiz for their delay in scheduling his second surgery.   Plaintiff's official capacity claims and request for declaratory relief are dismissed with prejudice.

IT IS SO ORDERED.

Dated:    August 18, 2015         /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE