UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. L. A. DELIO, et al.,<br><br>        Defendants. | CASE NO. 1:11-cv-01088-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br> (ECF No. 84)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 28 U.S.C. § 1983.  (ECF Nos. 1 & 4.)  The action proceeds on an Eighth Amendment denial of medical care claim against Defendants Martha Ruiz, Sonia Martinez, and T. Nguyen.[1]  (ECF No. 16.)

On September 18, 2015, Defendants Ruiz and Martinez filed a motion for summary judgment.  (ECF No. 83.)  Plaintiff did not file an opposition or statement of non-opposition as required under Local Rule 230(*l*).  Accordingly, on October 27, 2015,

---
[1] Defendant T. Nguyen has not yet been served.

the Court advised Plaintiff of his rights, obligations, and methods for opposing Defendants' motion, and afforded Plaintiff an additional twenty-one days to file an opposition or statement of non-opposition. (ECF No. 84.) Plaintiff was warned that his failure to file an opposition or statement of non-opposition could result in dismissal of the action for failure to prosecute.

The twenty-one day deadline passed without Plaintiff either filing an opposition or statement of non-opposition, or seeking an extension of time to do so.

## II.   LEGAL STANDARD

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." "District courts have inherent power to control their dockets [and] . . . [i]n the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-63 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424-25 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the [C]ourt's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic alternatives." *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423.

### III.   ANALYSIS

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources.  Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

### IV.   CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that the action be dismissed, with prejudice, based on Plaintiff's failure to obey a court order and failure to prosecute.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen** (14) days after being served with these Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within

**fourteen** (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 15, 2015            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

4